# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KENG VANG,                      )
                                )
            Plaintiff,          )
                                )
      v.                        )       1:18cv565
                                )
LAUREN ASHBY, et al.,           )
                                )
            Defendants.         )
```

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on "Defendant Shannon McClattie's Motion to File her Memorandum of Law in Support of her Motion for Summary Judgment and Supporting Exhibits Under Seal" (Docket Entry 44 (the "Motion")). For the reasons that follow, the Court will grant the Motion in part.

## INTRODUCTION

Plaintiff commenced this action in forma pauperis pursuant to 42 U.S.C. § 1983 in connection with a child abuse investigation. (See generally Docket Entry 2.) On January 24, 2020, Defendant McClattie filed her summary judgment motion (Docket Entry 42), along with a summary judgment brief and related attachments in redacted form (Docket Entries 43, 43-1, 43-2, 43-3, 43-4, 43-5). That same day, Defendant McClattie filed the instant Motion seeking "to file under seal [i] the portions of the affidavits [submitted with her summary judgment motion] . . . that relate [to] factual events regarding allegations of abuse, neglect, or dependency of

children, . . . [ii] the response by the Rowan County Department of Social Services to these allegations . . . [, iii] the deposition testimony of [] Plaintiff that pertains to these matters . . . [, and iv] the portions of her [summary judgment brief] that discuss th[ose] facts and events." (Docket Entry 44 at 1-2; see also Docket Entry 47 (memorandum).) In addition, Defendant McClattie filed sealed unredacted versions of the summary judgment brief and related attachments. (See Docket Entries 48, 48-1, 48-2, 48-3, 48-4, 48-5.) Plaintiff did not respond to the Motion. (See Docket Entries dated Jan. 24, 2020, to present.)

## DISCUSSION

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "This right of access to court records is not absolute, however. The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984). Further, the United States Court of Appeals for the Fourth Circuit has recognized that "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion." Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). However, "[w]hen presented with a request to seal judicial

-2-

records or documents, a district court must comply with certain substantive and procedural requirements." Virginia Dep't of State Police v. The Washington Post, 386 F.3d 567, 576 (4th Cir. 2004).

Procedurally:

> [The district court] must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing. Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review.

Id. (internal citation omitted). "As to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." Id. (internal citations and quotation marks omitted).

Moreover, the Fourth Circuit has recognized that the legal framework for sealing documents, described above, applies to requests by a party to file a redacted document, i.e., a document sealed in part. See United States v. Moussaoui, 65 F. App'x 881, 889 (4th Cir. 2003) ("As to those documents subject to a right of access, we must then conduct the appropriate balancing to determine whether the remainder of the document should remain sealed, in whole or in part."); see also Wolfe v. Green, Civil Action No. 2:08-01023, 2010 WL 5175165, at *2-3 (S.D.W. Va. Dec. 15, 2010) (unpublished) (granting parties' joint motion to redact filings and

-3-

holding that parties made necessary showing to address both common law and First Amendment rights of access); <u>Bethesda Softworks, LLC v. Interplay Entm't Corp.</u>, Civil Action No. 09-2357, 2010 WL 3781660, at *9-10 (D. Md. Sept. 23, 2010) (unpublished) (treating motion to redact transcript as motion to seal). "The interest of the public in the flow of information is protected by [the Court's] exercis[e of] independent judgment concerning redactions." <u>Moussaoui</u>, 65 F. App'x at 888 (citing <u>United States v. Pelton</u>, 696 F. Supp. 156, 159 n. 2 (D. Md. 1986) (noting that court would "carefully compare the redacted version [of a transcript] to the unredacted version for accuracy and to determine whether all the proposed deletions are necessary")).

In this case, both Plaintiff and the public have received notice of the Motion on or about January 24, 2020, but neither Plaintiff nor any non-party has contested the proposed redactions/sealing. (<u>See</u> Docket Entries dated Jan. 24, 2020, to present.) Accordingly, the Court finds all procedural prerequisites satisfied, as any interested persons have received "notice of the request to seal and a reasonable opportunity to challenge the request," <u>Virginia Dep't of State Police</u>, 386 F.3d at 576.

Next, the Court must determine what, if any, public access right attaches to the items covered by the instant sealing request. <u>See</u> <u>id.</u> The demanding First Amendment standard applies to exhibits

-4-

submitted with dispositive motions.  See Rushford, 846 F.2d at 252-53 ("Once the documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being raw fruits of discovery. . . . We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case." (internal quotation marks and citations omitted)). The documents in question thus fall subject to the right of access granted by the First Amendment, because (as shown in the Introduction) Defendant McClattie filed them in connection with her summary judgment motion.

To justify the sealing proposed in the Motion, Defendant McClattie has asserted that her brief "filed in support of her [summary judgment motion], the [supporting] affidavits . . ., and [Plaintiff's testimony] set forth in his deposition transcript . . . rely upon information that is confidential under North Carolina law." (Docket Entry 47 at 2.)  More specifically, she contended that

> [i]nformation obtained by a department of social services regarding the abuse, neglect, or dependency of a child, and the child protective services' case record for a juvenile, are confidential under North Carolina law and can be disclosed only in limited circumstances.  In addition, records of juvenile court proceedings alleging abuse, neglect, or dependency are confidential.  Absent a court order, the statute makes no provision for the public disclosure of this information.

-5-

(Id. at 3 (citing N.C. Gen. Stat. §§ 7B-302, 7B-2901; 10 N.C. Admin. Code 70A.0113) (emphasis omitted).)

Defendant McClattie correctly has described North Carolina law. See N.C. Gen. Stat. §§ 7B-302(a)(1) (requiring that "[a]ll information received by the department of social services [involving the report, assessment, and evaluation of abuse, neglect, or dependency] . . . be held in strictest confidence by the department"), 7B-2901(a) (defining "the complete record" to include "the summons, petition, custody order, court order, written motions, the electronic or mechanical recording of the hearing, and other papers filed in the proceeding"); 10 N.C. Admin. Code 70A.0113(a) (prohibiting county director of department of social services from "allow[ing] anyone outside of the county department of social services other than state and federal agency personnel carrying out their lawful responsibilities for program audit and review to examine a protective services case record"). Further, federal courts in North Carolina have recognized the need to preserve confidentiality pursuant to these statutes. See, e.g., Brunson v. North Carolina Dep't of Soc. Servs., No. 5:09-CT-03063, 2013 WL 1768681, at *4 (E.D.N.C. Apr. 24, 2013) (unpublished) (recognizing that North Carolina law protects records of child protective services investigation from public disclosure), reconsideration denied, 2013 WL 3923996 (E.D.N.C. July 29, 2013) (unpublished).

Consequently, Defendant McClattie has argued that "countervailing interests outweigh the public's interest in access to this material [because c]ourts recognize that confidentiality laws governing child protective proceedings demonstrate legislative intent to protect child victims from undue trauma and humiliation, facilitate rehabilitation of families, and encourage people to report child abuse and neglect by protecting their identities." (Docket Entry 47 at 4 (citing Tower v. Leslie-Brown, 167 F. Supp. 2d 399, 405 (D. Me. 2001)).) In the decision cited by Defendant McClattie, the court granted a motion to seal based, in part, upon its finding that,

> [a]lthough the statutes closing [] state proceedings do not govern [] civil rights action[s] in federal court, they do demonstrate a legislative judgment that [states have] an interest in maintaining the confidentiality of child protective proceedings . . . . If [ c]ourts were to allow [] parties to import confidential documents into federal court and thereby make them public, it would seriously undermine the state's policy.

Tower, 167 F. Supp. 2d at 405 (internal citations omitted). However, the Tower Court addressed only the common law right of access, not the First Amendment right of access. See id. at 404-05.

Under the First Amendment sealing standard, the Court may seal material "'only on the basis of a compelling governmental interest and only if the denial [of access] is narrowly tailored to serve that interest.'" Bell v. Shinseki, No. 1:12CV57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013) (unpublished) (quoting Stone v.

-7-

University of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988)). "[S]afeguarding the physical and psychological well-being of a minor [qualifies as] a compelling [interest]" that can outweigh the public's right of access. Globe Newspaper Co. v. Superior Court for the Cty. of Norfolk, 457 U.S. 596, 607-08 (1982). Hence, "[c]ourts have found a compelling government interest in sealing sensitive medical or other personal information, especially when relating to minors." Interstate Fire & Cas. Co. v. Dimensions Assurance Ltd., Civ. Action No. 13-3908, 2014 WL 6388334, at *2 (D. Md. Nov. 13, 2014) (collecting cases). A minor's non-party status heightens the justification for such sealing. See id.

Defendant McClattie has proposed the redaction of the following documents: approximately 12 pages of her summary judgment brief (see Docket Entry 43 at 4–12, 18–21); 14 paragraphs of her supporting affidavit (see Docket Entry 43-1, ¶¶ 4-18); 28 paragraphs of the supporting affidavit filed by a previously dismissed co-defendant, Laura Ashby (see Docket Entry 43-2, ¶¶ 3-30); six paragraphs of the supporting affidavit filed by Cynthia Dry (see Docket Entry 43-3, ¶¶ 3-8); eight paragraphs of the supporting affidavit filed by Detective Cody Trexler (see Docket Entry 43-4, ¶¶ 3-10); and approximately 82 entire pages of Plaintiff's deposition (see Docket Entry 43-5 at 22–89, 95–108), as

well as numerous lines of text on pages not wholly redacted (see id. at 15-16, 19-21, 90, 94, 109, 113).

A large portion of the proposed redacted material concerns the "report, assessment and evaluation of abuse, neglect, or dependency," N.C. Gen. Stat. § 7B-302, of Plaintiff's children and/or includes references to related confidential state court records, see N.C. Gen. Stat. § 7B-2901. The Court finds that a compelling interest in protecting the minors' privacy outweighs the public's right of access to those materials. See Globe Newspaper Co., 457 U.S. at 607-08 (noting that protection of minor's welfare constitutes compelling interest). Also, some redacted portions concern sensitive information regarding a non-party and appear to constitute the sort that courts recognize as raising privacy concerns. See United States v. Sattar, 471 F. Supp. 2d 380, 387-90 (S.D.N.Y. 2006) (recognizing that interest in preventing disclosure of items of highly personal nature can outweigh First Amendment right of access). In particular, the foregoing justifications generally apply to the four supporting affidavits and the summary judgment brief's quotation from or direct reference to the affidavits. (See Docket Entries 43, 43-1, 43-2, 43-3, 43-4.)

However, some of this information played an essential part in the determination of the dispositive motions in this matter, as noted in the undersigned's recent recommendation. (See Docket Entry 55 at 3 n.2 (stating that "resolution of the parties'

-9-

Case 1:18-cv-00565-WO-LPA Document 60 Filed 09/28/20 Page 9 of 13

competing summary judgment motions necessitated public disclosure of some of the redacted material").)  The recommendation's reliance upon — and necessary disclosure of — portions of the redacted material moots the sealing request as to those limited excerpts from the affidavits and Plaintiff's deposition.  The undersigned disclosed the minimum information sufficient to explain the basis for the recommended disposition.  In this regard, the undersigned recommended that the Court grant Defendant McClattie's summary judgment motion and, in making that determination, found that the "record conclusively establishe[d] that Plaintiff not only voluntarily consented to Defendant McClattie's entry, but actually invited her into his home" (id. at 13), thereby rendering it "unnecessary" to discuss Defendant McClattie's "authori[ty] to enter Plaintiff's home without a court order to take temporary custody of [his] children" (id. at 10 n.4).  Given that the recommendation reproduces the pertinent portions of the affidavits and compelling privacy concerns otherwise warrant protection of the entirety of those filings, they may remain on the Docket in their present form.

Additionally, after comparing the unredacted and redacted versions of all relevant documents, the Court has determined that some of the proposed redactions include information which does not directly concern the "report, assessment and evaluation of abuse, neglect, or dependency," N.C. Gen. Stat. § 7B-302, of Plaintiff's

children and/or directly reference related confidential state court records, see N.C. Gen. Stat. § 7B-2901. In particular, the final paragraph on the tenth page of the summary judgment brief describes Defendant McClattie's arrival at Plaintiff's home on March 9, 2018 (the day of the incident giving rise to his claim) and the interaction that ensued. This information directly relates to the merits of Plaintiff's claim and its disclosure does not undermine important privacy interests. Consistent with those considerations, the undersigned relied on that particular account in the recommended disposition and necessarily revealed some details in the recommendation. Accordingly, Defendant McClattie must submit another version of the proposed redactions of the summary judgment brief, tailoring the redactions to serve the compelling interest in protecting the welfare of non-party minors while disclosing, where appropriate, information now part of the public record.

Moreover, upon close review of both versions of Plaintiff's deposition, the Court has determined that a substantial amount of the proposed redacted material bears little, if any, significance to Defendant McClattie's argument in the summary judgment brief. For example, the summary judgment brief cites excerpts from approximately 48 pages of the 119-page deposition, the majority of which Defendant McClattie seeks to redact. (Compare Docket Entry 43-5, with Docket Entry 48-5.) Each one of the summary judgment brief's citations to the deposition references redacted material.

-11-

(See Docket Entries 43, 43-5.)  The undersigned's recommendation ultimately depended on material appearing on only eight (entirely redacted) pages of the deposition.  (See Docket Entries 48-5, 55.) As with the summary judgment brief, the proposed redactions in the deposition also cover information central to adjudication of Plaintiff's claim that falls outside the scope of N.C. Gen. Stat. §§ 7B-302 and § 7B-2901.  The complete redaction of pages 61 through 68 raises particular concerns in that regard.

Furthermore, the filing of Plaintiff's entire deposition prompted the request for redaction of material that need not have entered the public record in the first place, especially given Defendant McClattie's limited reliance on much of the deposition in support of her summary judgment motion.  See generally Cochran v. Volvo Group North Am., LLC, 931 F. Supp. 2d 725, 727 (M.D.N.C. 2013) ("'Judicial records' are 'documents filed with the court [that] play a role in the adjudicative process, or adjudicate substantive rights.'") (emphasis added).  Under these circumstances, leaving in the record only the determinative excerpts from Plaintiff's deposition constitutes the appropriate course.

Finally, the current version of the redacted deposition fails to comply with Federal Rule of Civil Procedure 5.2, which prohibits the filing of documents containing the names of minors.  See Fed. R. Civ. P. 5.2(a)(3).  Despite the otherwise heavy redactions, the

filing impermissibly reveals, on several occasions, the full names of Plaintiff's minor children.

## CONCLUSION

Application of the First Amendment test for sealing warrants protection from public disclosure of some, but not all, of the information Defendant McClattie seeks to redact.

**IT IS THEREFORE ORDERED** that the Motion (Docket Entry 44) is **GRANTED IN PART and DENIED IN PART**, as follows:

1. Defendant McClattie shall re-file Docket Entry 43 in a redacted form consistent with this Order's conclusions concerning pages 10 and 11;

2. Defendant McClattie shall refile Docket Entry 43-5 in a redacted form that includes only material relied upon in her summary judgment brief and that redacts information consistent with this Order's conclusions (to include redaction of the names of Plaintiff's minor children); and

3. The Clerk shall maintain under seal Docket Entries 43-1, 43-2, 43-3, and 43-4 in their current form.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 28, 2020

-13-

Case 1:18-cv-00565-WO-LPA   Document 60   Filed 09/28/20   Page 13 of 13